# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. LOPEZ-FELIX,<br><br>                              Plaintiff,<br>vs.<br>EMC MORTGAGE CORP.; NDEX WEST, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al.,<br><br>                              Defendants. | CASE NO. 11-CV-1648 JLS (BGS)<br><br>**ORDER: SUA SPONTE REMANDING CASE** |

Plaintiff filed this action in the Superior Court of California for the County of San Diego on February 17, 2011. (*See* Notice of Removal ¶ 1, ECF No. 1; Notice of Removal Ex. 1 (Compl.).) Subsequently, filed a first amended complaint alleging seven claims: (1) quiet title, (2) injunctive relief, (3) promissory estoppel, (4) wrongful foreclosure, (5) fraud, (6) intentional misrepresentation, and (7) violation of California Civil Code section 1632(b)(4). (Notice of Removal ¶ 3; Notice of Removal Ex. 2 (FAC).) On July 26, 2011, Plaintiff removed the case to this Court. (Notice of Removal.) Plaintiff's contends that removal is proper because "[t]he complaint includes claims that are based, in part, upon federal law, including the implications as to violations of" the Truth in Lending Act and Regulation Z. (*Id.* ¶ 9.) The Court finds that Plaintiff's removal of this case was improper and *sua sponte* remands the case to the Superior Court of California for the County of San Diego.

In cases "brought in a State court of which the district courts of the United States have original

1  jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). This
2  statute is "quite clear that only a 'defendant' may remove [an] action to federal court." *Bush v.*
3  *Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005); *accord Shamrock Oil & Gas Corp. v. Sheets*,
4  313 U.S. 100, 106–08 (1941); *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("A
5  plaintiff who commences his action in a state court cannot effectuate removal to a federal court even
6  if he could have originated the action in a federal court . . . .").

7      Here, even assuming that this Court has federal question jurisdiction over Plaintiff's amended
8  complaint—which the Court does not concede, *see Empire Healthchoice Assur., Inc. v. McVeigh*, 547
9  U.S. 677, 701 (2006) (emphasizing that only a "slim category" of state law claims "aris[e] under"
10 federal law for purposes of 28 U.S.C. § 1331)—§ 1441 does not permit its removal. Plaintiff made the
11 choice to commence this action in state court, and he is bound by that choice. Accordingly, this
12 matter is **REMANDED** to the Superior Court of California for the County of San Diego. The Clerk
13 shall close the file.

14     **IT IS SO ORDERED.**

16 DATED: July 29, 2011

17                                                 Honorable Janis L. Sammartino
18                                                 United States District Judge